UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPRIAN CARTER,

           Petitioner,

- against -

C. WOOGHTER,

           Respondent.

REPORT AND RECOMMENDATION

10 Civ. 2143 (ER) (RLE)

To the HONORABLE EDGARDO RAMOS, U.S.D.J.:

## I. INTRODUCTION

*Pro se* Petitioner Caprian Carter ("Carter"), who was on supervised release when he filed this action, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Carter pled guilty in New York State Supreme Court, New York County, to one count of criminal sale of a controlled substance in the fourth degree, in violation of New York Penal Law § 220.34(1), and was sentenced to a prison term of three and a half years, plus two years of post-release supervision. Carter alleges that his incarceration violates the United States Constitution because: (1) there was insufficient evidence to support his judgment of conviction; (2) his Fourth Amendment rights were violated when the police searched him without probable cause and when the trial court denied his suppression motion without holding an identification hearing; (3) he was denied the right to appeal; and (4) his sentence was inconsistent with New York's Drug Law Reform Act of 2009 ("2009 DLRA"), codified under New York Criminal Procedural Law ("N.Y.C.P.L.") § 440.46, and should thus be reduced. (Am. Pet. for a Writ of Habeas Corpus ("Am. Pet.") at 1, 5, 6.) For the reasons set forth below, I recommend that the Petition be **DENIED**.

## II.  BACKGROUND

### A.  Factual History

Following a "standard buy-and-bust" operation conducted by New York City police officers, Carter was arrested. *People v. Carter*, 66 A.D. 529, 530 (1st Dep't 2009) (citation omitted). On April 17, 2007, at approximately 9:40 p.m., an undercover officer approached Carter and another man on West 148th Street in Manhattan and asked for drugs. (Resp't's Decl., Ex. G at 7; Ex. H at 1.) Carter gave the undercover officer a plastic bag containing seventy milligrams of cocaine in exchange for a sum of money. (Resp't's Decl., Ex. B at 3.) Approximately five minutes later, still on West 148th Street, Carter and the other man were apprehended by police officers and held for a show-up identification. (*Id.*) The undercover officer identified Carter as one of the sellers. (*Id.* at 4.)

### B.  Procedural History

On April 23, 2007, Carter was indicted on one count of criminal sale of a controlled substance in the third degree. (Resp's Mem. of Law in Opp'n to the Am. Pet. for a Writ of Habeas Corpus ("Resp't's Mem.") at 2.) On July 10, 2007, Carter's attorney filed an omnibus motion in New York County Supreme Court in which he moved to suppress any identification testimony, or, in the alternative, requested a *Wade* hearing.[1] (Resp't's Decl., Ex. I.) In his motion, he asserted that the show-up identification procedures employed by the undercover police officer violated Carter's Fourth Amendment rights because the undercover officer "did not have any meaningful opportunity to observe and therefore had no independent basis for making an identification." (*Id.* at ¶ 23.) By written decision dated August 14, 2007, the trial court

---

[1] In *United States v. Wade*, 388 U.S. 218 (1966), the Supreme Court recognized that there is a "grave potential for prejudice, intentional or not, in the pretrial lineup, which may not be capable of reconstruction at trial." The purpose of a *Wade* hearing is to determine before trial whether pretrial identification procedures have been so improperly suggestive as to taint an in-court identification. *See id.*

2

denied the motion and refused to hold a *Wade* hearing but granted Carter a hearing limited to the issue of whether there was "probable cause to arrest [him] pursuant to *People v. Gethers*, 86 N.Y.2d 159 (1995)." (Resp. Decl., Ex. K.)

On October 30, 2007, before the probable cause hearing was held, Carter withdrew his not guilty plea, and pled guilty to criminal sale of a controlled substance in the fourth degree, a lesser offense. (Resp't's Decl., Ex. G at 6). On December 4, 2007, Carter was sentenced to three and a half years of imprisonment and two years of post-release supervision. (*Id.* at 13.)

Carter, represented by counsel, filed a direct appeal in the Appellate Division, First Department, in March 2009. In his brief, he argued that the court's decision to deny his request for a *Wade* hearing violated the Fourth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 12 of the New York State Constitution. (*See* Resp't's Decl., Ex. A.) Carter argued that the officer's identification testimony should have been suppressed because the "undercover officer did not have a meaningful opportunity to observe the perpetrator." (*Id.* at 2.) He asserted that a *Wade* hearing should have been held to determine whether the show-up procedure was unduly suggestive. (*Id.* at 10.)

The Appellate Division unanimously affirmed Carter's conviction, finding that the trial court "properly denied [Carter's] motion to suppress identification testimony, without granting a hearing." *Carter*, 66 A.D.3d at 530. The court stated: "'The information presented to the motion court clearly established that viewing of defendant by the [undercover] officer in this [standard buy-and-bust] case was a confirmatory identification for which no *Wade* hearing was required.'" *Id.* (quoting *People v. Davis*, 289 A.D.2d 134, 135 (2001), *lv. denied* 97 N.Y.2d 753 (2002)). On December 28, 2009, the New York Court of Appeals denied Carter's request for leave to appeal the decision. *People v. Carter*, 13 N.Y.3d 906 (2009).

3

Carter, proceeding *pro se*, filed five Petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 11, 2010. He was ordered to submit a single Amended Petition. (Doc. No. 2.) He complied by filing an Amended Petition on March 24, 2010. (Doc. No. 5.)

## III. DISCUSSION

### A.  Threshold Issues

#### 1.  Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). A conviction becomes final "when [the] time to seek direct review in the United States Supreme Court by writ of certiorari expire[s]," that is, ninety days after the final determination by the state court of appeals. *Williams v. Artuz*, 232 F.3d 147, 150 (2d Cir. 2001) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)).

Here, the New York Court of Appeals denied Carter leave to appeal on December 28, 2009. *People v. Carter*, 13 N.Y.3d 906 (2009). Carter's conviction became final ninety days later, on March 28, 2009. His petition was filed within one year of that date and is therefore timely.

#### 2.  Exhaustion

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court may not grant a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); *see Picard v. Connor*, 404 U.S. 270, 275 (1971); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997). To satisfy substantive exhaustion, which is not an exacting standard, a petitioner's claim before the state courts must have been federal or constitutional in nature. A petitioner must have "fairly presented" his claim to state courts by apprising them of "'both the factual and the legal premises of the claim [he] asserts in federal

4

court.'" *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (quoting *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)). Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). He must raise a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" *Id.* (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)).

A petitioner is deemed to have exhausted state judicial remedies when the issue has been fairly presented in the state courts or the petitioner has otherwise given the state courts a fair opportunity to redress the federal claim. *Duncan v. Henry*, 513 U.S. 364, 366-67 (1995) (citing *Picard*, 404 U.S. at 270). Generally, the petitioner must have referred to the relevant federal constitutional provisions in the briefs submitted to state courts. *See Baldwin v. Reese*, 541 U.S. 27, 31 (2004) (finding inadequate exhaustion where the state court would have to look at the record beyond the petition or brief to be aware of the federal claim).

On direct appeal to the Appellate Division, Carter asserted that the trial court's denial of the suppression motion and denial of a *Wade* hearing violated his Fourth and Fourteenth Amendment rights. (Resp't's Decl., Ex. A.) The Appellate Division addressed and denied his claims on the merits. *See Carter*, 66 A.D.3d at 530. Carter then sought leave to appeal the Appellate Division's ruling "based on all the issues raised in [his] Appellate Division brief." (Resp't's Decl., Ex. D at 1.) The New York Court of Appeals denied leave to appeal. *People v. Carter*, 13 N.Y.3d 906 (2009). Because Carter's suppression claims were presented to the New York's highest state court, the suppression claim is exhausted.

In his Amended Petition, Carter raises three claims that he did not raise on direct appeal or in any other state court proceeding: (1) there was insufficient evidence to support his

judgment of conviction; (2) he was denied the right to appeal; and (3) his sentence was inconsistent with the 2009 DLRA, and should thus be reduced. These claims are therefore unexhausted.

### 3. Procedural Bar

Although Carter's three remaining claims are unexhausted, Carter no longer has an available remedy to pursue these claims in state court. If "the petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts must also deem the claims procedurally defaulted." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). The claims may be deemed exhausted but procedurally barred. *See Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Aparicio*, 269 F.3d at 90. Carter's claims may only be reviewed if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Carter makes no argument excusing his default, and the Court's review of the record indicates that the failure to consider the claims will not result in a fundamental miscarriage of justice. The Court therefore finds that Carter's claims may not be reviewed, and recommends that his Amended Petition be **DENIED**.

### B. Merits

Even if Carter's claim were reviewable, the Court would recommend that it be denied as meritless.

### 1. Standard of Review

AEDPA constrains a federal court's ability to grant a state prisoner's application for a

writ of habeas corpus with respect to claims adjudicated on the merits in state court. The Act limits issuance of the writ to circumstances in which the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is contrary to federal law if the state court applies a "conclusion opposite to that reached by [the Supreme] Court on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. Furthermore, in cases where the state court decision rests on a factual determination, the federal court must find that the "decision . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### 2. Suppression Motion

Carter claims he was arrested without probable cause and that identification evidence flowing from the arrest should have been suppressed. (Am. Pet. at 2, 5.) However, a federal habeas court is barred from reviewing the merits of a Fourth Amendment claim so long as the state has provided petitioner with the opportunity for a full and fair litigation of his claim. *See Stone v. Powell*, 428 U.S. 465 (1976). Fourth Amendment claims in habeas petitions may be undertaken "in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir.1977)).

A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a "'statutory mechanism' for suppression of evidence tainted by an

7

unlawful search and seizure." *McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69 (2d Cir. 1983) (quoting *Gates*, 568 F.2d at 837). New York provides defendants with the requisite corrective procedures pursuant to N.Y.C.P.L. §§ 710.10-710.70, and federal courts have approved its procedure for litigating Fourth Amendment claims. *Capellan*, 975 F.2d at 70 n.1.

Carter fully availed himself of New York's corrective procedures regarding his Fourth Amendment claim. His trial counsel filed an omnibus motion seeking suppression of the identification, or, in the alternative, a *Wade* hearing. (Resp't's Decl., Ex. I.) Although the trial court denied Carter's motion for a *Wade* hearing, it granted him a *Gethers* hearing to determine whether the police officer had probable cause to search him. (Resp't's Decl., Ex. K.) Carter did not go through with the hearing when he pled guilty to a lesser charge. (Resp't's Decl., Ex. G at 6.) On appeal, Carter's counsel raised the Fourth Amendment violation, which the Appellate Division denied. (Resp't's Decl., Exs. A, C.) Finally, Carter, still represented by counsel, sought leave to appeal the Appellate Division's denial of his Fourth Amendment claim on the merits, which the Court of Appeals denied. (Resp't's Decl., Exs. D, F.)

Carter has failed to show that an "unconscionable breakdown" occurred in New York's corrective process, preventing him from pursuing his *Wade* claim. The Second Circuit has not expanded on what precisely constitutes an "unconscionable breakdown" in a state's procedure for litigating Fourth Amendment issues, *Capellan*, 975 F.2d at 70, but subsequent court decisions applying the standard make clear that a court's failure to conduct a reasoned inquiry into a petitioner's claim or a disruption or obstruction of a state proceeding, are the types of circumstances constituting "unconscionable breakdown." *Calderon v. Perez*, No. 10 Civ. 2562, 2011 WL 293709 (GBD) (AJP), at *32 (S.D.N.Y. Jan. 28, 2011) (citations omitted).

Carter had an opportunity for full and fair litigation of the claim and may not raise it on

federal habeas review. Accordingly, I recommend that Carter's Fourth Amendment claim be **DENIED.**

## IV. CONCLUSION

For the reasons stated above, I recommend that Carter's petition for a writ of habeas corpus be **DENIED.**

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Edgardo Ramos, 40 Foley Square, Room 410, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.* 892 F.2d 15, 16 (2d Cir. 1989) *(per curiam)*; 28 U.S.C. SEC 636(b)(1) (West Supp. 1995); Fed. R. Civ P. 72, 6(a), 6(d).

**DATED: January 22, 2014**
**New York, New York**

Respectfully Submitted,

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

This Report and Recommendation was filed on ECF and a copy was mailed to:

*Pro se* Petitioner
Caprian Carter
22 Cedar Street
Elmont, NY 11003

9