UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

CAPRIAN CARTER,

                            Petitioner,

    - against -                                    **ORDER**
                                                   10 Civ. 2143 (ER)

C. WOOGHTER,

                            Respondent.

------------------------------------------------------------------x

Ramos, D.J.:

      Caprian Carter ("Carter" or "Petitioner") brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Doc. 1. On March 24, 2010, Carter filed an amended petition for a writ of habeas corpus (the "Amended Petition"). Doc. 5. On August 11, 2010, the Honorable William H. Pauley, III, to whom this case was previously assigned, referred the Petition to Magistrate Judge Ronald L. Ellis for a report and recommendation.[1] Doc. 9. On January 23, 2014, Judge Ellis issued the Report and Recommendation ("Report" or "R&R"), recommending that the Amended Petition be denied and notifying Carter that he had fourteen days from service of the Report and Recommendation to file written objections. Doc. 22. By letter dated March 10, 2014, Petitioner filed written objections to the Report. Doc. 26.[2]

### I. Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

---

[1] This case was originally assigned to the Honorable Loretta A. Preska. On March 29, 2010, this case was reassigned to Judge Pauley. Doc. 6. On July 12, 2012, the case was reassigned to the Honorable Ronnie Abrams. Doc. 20. Then, on July 17, 2013, the case was reassigned to this Court.

[2] By Order dated March 3, 2014, the Court extended the deadline for Carter's written objections to March 31, 2014. Doc. 25. Accordingly, Petitioner's objections were timely filed.

judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

II. **Discussion**

On April 17, 2007, Carter was arrested in a "standard buy-and-bust" operation conducted by New York City police officers after he gave an undercover officer a plastic bag containing seventy milligrams of cocaine in exchange for a sum of money. *People v. Carter*, 66 A.D. 529, 530 (1st Dep't 2009) (citation omitted). After Carter was apprehended five minutes later, the undercover officer identified Carter in a show-up identification. Petitioner subsequently pled guilty in New York State Supreme Court, New York County, to one count of criminal sale of a controlled substance in the fourth degree, in violation of New York Penal Law § 220.34(1).

Carter's objections either rehash the same arguments set forth in the original petition or do not challenge specific portions of the Report and Recommendation. *Cf. Davis v. Herbert*, No. 00 Civ. 6691 (RJS) (DFE), 2008 WL 495316, at *1 (S.D.N.Y. Feb. 25, 2008) (reviewing magistrate judge's report for clear error where petitioner merely repeated arguments previously made in earlier submission and/or raised, for the first time, claims not asserted in his habeas petitions, and did not even attempt to identify any specific errors contained in the report). In particular, Petitioner challenges his conviction on the basis that he was not granted a *Wade* hearing.[3] However, Judge Ellis rejected that argument in his Report based on the fact that Carter had an opportunity for full and fair litigation of the claim in the state proceedings, and Carter's objections do not specifically identify a basis for error in the Report. Additionally, Carter claims that his sentence was inconsistent with New York's Drug Law Reform Act. Judge Ellis dismissed this argument in the Report because Carter did not raise the issue on direct appeal or in any other state court proceeding. As above, Carter has not specified how Judge Ellis' conclusion was erroneous. Petitioner has also raised conclusory arguments, such as that he was entrapped because no crime took place.

Accordingly, the Court has reviewed Judge Ellis's thorough and well-reasoned Report and finds no error, clear or otherwise. The Court therefore adopts Judge Ellis's recommendation to deny the Amended Petition for the reasons stated in the Report.

---

[3] In *United States v. Wade*, 388 U.S. 218, 236 (1966), the Supreme Court recognized that there is a "grave potential for prejudice, intentional or not, in the pretrial lineup, which may not be capable of reconstruction at trial." The purpose of a *Wade* hearing is to determine before trial whether pretrial identification procedures have been so improperly suggestive as to taint an in-court identification. *Id.*

For the reasons set forth above, Carter's petition for a writ of habeas corpus is DENIED. The Clerk of the Court is directed to enter judgment, mail a copy of this order to Petitioner, and close the case.

Furthermore, because Carter has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated: April 3, 2015
New York, New York

_____
Edgardo Ramos, U.S.D.J.